UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                                  :

DALE CAMERON,                                             :
*on behalf of himself and all others similarly situated*,   :
                                                                                 :     24-CV-07156 (JAV)(SLC)
                                              Plaintiff,       :
                                                                                  :     <u>ORDER APPROVING</u>
                         -v-                              :         <u>SETTLEMENT</u>
                                                                                    :

PROSEGUR SERVICES GROUP, INC.,                 :
                                                                                   :
                                   Defendant.   :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      The parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court on November 27, 2024, that they had agreed to a settlement. (ECF No. 24). By Order entered December 2, 2024 (ECF No. 25), the Court directed the parties to submit a joint letter explaining the status of their settlement discussions or submit a proposed settlement agreement for judicial approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) by January 3, 2025.

      The Court, having reviewed the Plaintiff's *Cheeks* motion, dated January 3, 2025, ECF No. 26, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claim as well as the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at 335 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here, *see, e.g.*, *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (fact that plaintiffs are "no longer employees of the defendants . . . reduc[es] the danger that the release was obtained through improper job-related pressure").

      The settlement approval is subject to the following condition: Any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it.

      In addition, Plaintiff seeks approval of $10,507 in attorney's fees after costs, which is one-third of the net settlement amount of $31,522. (ECF No 26). Courts in this Circuit typically approve attorneys' fees that range between 30% and 33%. *See Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g.*, *Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 7122612, at

\*9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). Moreover, where there is no reason to question the reasonableness of the contingency agreement itself and the fees are within "the range of what FLSA practitioners demand in the marketplace[,]" courts have found attorneys' fees reasonable when they are "consistent with the retainer agreement agreed to by [the] plaintiff." *Almanzar v. Silver Star Properties Corp.*, 699 F. Supp. 3d 253, 257 (S.D.N.Y. 2023) (noting that the customary contingency percentage in FLSA cases is typically one-third of the total award). In line with that precedent, attorney's fees in the amount of one-third of the recovery is appropriate here.

Plaintiff's attorney seeks costs of $402 in filing fees and $76 in service of process costs, "which are costs that are routinely recoverable in litigation." *Puerto v. Happy Life Home Health Agency Inc.*, No. 23-CV-04915 (GWG), 704 F. Supp. 3d 403, 407 (S.D.N.Y. 2023) (internal quotation marks and citation omitted). These costs are also appropriate.[1]

Accordingly, the Court approves the settlement subject to the condition addressed above. The Court dismisses the case with prejudice. All pending motions are moot.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: January 7, 2025  
New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge

---

[1] The Court notes that the total costs listed under 2(c) of the parties' signed settlement agreement is $481, which is a miscalculation. According to the receipts submitted (ECF No. 26-3), the total costs should be $478, as written in the Plaintiff's letter. (ECF No. 26). Notwithstanding this error, and to not further delay the settlement, the Court approves the total costs of $478.